NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4360
No. 12-1069
_____

DAVID LEE MORRIS; PAMELA MORRIS,

Appellants

v.

RONALD KESSELRING; ROBERT KESSELRING;
OFFICER ZUMBRUM; OFFICER JAMES ROWE, II;
OFFICER GRIMM; OFFICER MOOREHEAD;
RANDY WHITTEN; OFFICER HEDDINGER;
ADAM FABRI; OFFICER SMITH; JOSHUA BRADY;
SCOTT STRAUSBAUGH; MARK BARNEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 09-cv-01739)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2013

Before: HARDIMAN and GARTH, *Circuit Judges*.
and STARK[*], *District Judge*

(Filed: February 20, 2013)

_____

[*] The Honorable Leonard P. Stark, District Judge for the District of Delaware sitting
by designation.

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

David and Pamela Morris appeal an order dismissing their civil rights action and an order awarding attorney's fees to two defendants. We will affirm.

I

We write for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

The Morrises filed their initial complaint pursuant to 42 U.S.C. § 1983 on September 8, 2009, alleging that various law enforcement officers, municipalities, and private individuals violated their civil rights. After the Morrises filed an amended complaint in February 2010, Defendants filed several motions to dismiss as well as a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). A United States Magistrate Judge granted the Rule 12(e) motion after finding that the Morrises' amended complaint made "sweeping statements and generalized allegations" that were "devoid of particularized details as to time and date, person(s) involved, and other basic tenants [sic] of proper notice pleading." *Morris v. Kesserling*,[1] 2010 WL 4362630, at *2 (M.D. Pa. Oct. 27, 2010). He ordered the Morrises to "provide factual

_____

[1] The caption in the District Court misspelled the last name of Defendant Kesselring.

2

information corresponding to the allegations of the amended complaint" in a new pleading, advised them to seek the assistance of additional counsel, and warned them that "[f]ailure to comply . . . may result in dismissal." *Id.* at *2–3.

Instead of following the Magistrate Judge's order, the Morrises filed an objection in which they asked District Court Judge Christopher Conner to strike the order on the ground that it was a personal attack on their counsel. Judge Conner denied the objection and ordered the Morrises to file a second amended complaint. The Morrisses responded by filing a second amended complaint that was essentially identical to its predecessor. Several defendants then filed motions to dismiss the second amended complaint, including a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). On May 9, 2011, District Court Judge A. Richard Caputo[2] granted the Rule 41(b) motion to dismiss because the Morrises and their counsel exhibited "inexplicable truculence" in failing to abide by the orders of the Magistrate Judge and Judge Conner to properly amend their complaint. *Morris v. Kesserling*, 2011 WL 1752828, at *1 (M.D. Pa. May 9, 2011). The District Court later denied the Morrises' motion for reconsideration.

On May 23, 2011, Defendants Mark Barney and Scott Strausbaugh filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988, which the Court granted. *Morris v. Kesserling*, 2011 WL 6130603, at *1, *3 (M.D. Pa. Dec. 8, 2011). The Morrises now

---

[2] Judge Conner had recused himself in March 2011 and the case was reassigned to Judge Caputo.

appeal the order denying their motion for reconsideration and the order granting $7,600.50 in attorney's fees.

The unnecessarily prolix and disorganized nature of the Morrises' appellate brief and their second amended complaint makes it difficult to understand the facts underlying their claims. The Morrises appear to allege that from summer 2007 through spring 2009, Ronald Kesselring conspired with his police officer brother, Robert Kesselring, and other law enforcement officers and private individuals to commit a series of actions against the Morrises that deprived them of their constitutional rights. The Morrises later added constitutional claims against Strausbaugh and Barney alleging that they conspired with the other Defendants to retaliate against the Morrises for bringing the lawsuit. The Morrises alleged that Strausbaugh and Barney threatened to have the Morrises arrested if they used Strausbaugh and Barney's private driveway. Aside from these generalized allegations, little is understandable because the Morrises' appellate brief and second amended complaint are disorganized, rambling, and largely incoherent. As a result, like the Magistrate and District Judges below, we "cannot conclude with confidence what, exactly, is alleged." *Morris*, 2010 WL 4362630, at *1.

## II[3]

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we have jurisdiction under 28 U.S.C. § 1291.

plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." When determining whether to dismiss a case pursuant to Rule 41(b), we require a district court to balance the factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Here, the District Court discussed each of the six *Poulis* factors at length, *see Morris*, 2011 WL 1752828, at *2–3, before it found "dismissal of the suit to be more than justified," *id.* at *3. Despite the District Court's extensive analysis of the *Poulis* factors and its clear statement that the second amended complaint was dismissed under Rule 41(b), the Morrises' appellate brief fails to mention, let alone analyze, either Rule 41(b) or *Poulis*. Instead, the Morrises suggest that the District Court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6), a contention that has no support in the opinion under review.

Normally, "[w]e review a District Court's decision to dismiss a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for an abuse of discretion." *Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)). However, "[i]t is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) (citing *In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003)). Because the Morrises do not challenge the District Court's holding, they have waived any claim of error with respect to the District Court's dismissal of their case and its denial of their motion for reconsideration. Accordingly, we will affirm the

5

District Court's decision to dismiss the case.

III

The Morrises next argue that the District Court erred when it awarded $7,600.50 in attorney's fees to Strausbaugh and Barney because the Morrises' claims against these two Defendants were non-frivolous and the Court failed to hold an evidentiary hearing before awarding the sanctions. We disagree.

A court may award attorney's fees to a prevailing party who succeeds in a § 1983 action. 42 U.S.C. § 1988(b). Because a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits," Fed. R. Civ. P. 41(b), Strausbaugh and Barney are prevailing parties. "[A] prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . .'" *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). We review the award of attorney's fees for abuse of discretion. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 273 (3d Cir. 1999).

We hold that the District Court did not err when it found that the Morrises' claims—that Strausbaugh and Barney violated the Morrises' First and Fourteenth Amendment rights by blocking access to a private driveway—were frivolous. We agree with the District Court's finding that the second amended complaint "is bereft of any plausible allegations that these defendants were 'state actors' for purposes of § 1983 or

6

that their blocking access to a private driveway defendants owned constituted civil rights violations." *See Morris*, 2011 WL 6130603, at \*3.  Therefore, the District Court did not abuse its discretion in granting attorney's fees to Strausbaugh and Barney.

Furthermore, though the United States Supreme Court has noted that "attorney's fees . . . should not be assessed lightly or without fair notice and an opportunity for a hearing on the record," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), "we have not interpreted . . . the Supreme Court to require an evidentiary hearing in every case," *Angelico*, 184 F.3d at 279.  "Rather, the concept of due process is flexible and whether a hearing is required depends upon the circumstances." *Id.*  The Morrises had full notice of Strausbaugh and Barney's motion for attorney's fees and responded with their own opposing brief.  The actions of the Morrises and their counsel at issue were part of an extensive record that the District Court could properly consider without an evidentiary hearing.  Therefore, we find no abuse of discretion and we will affirm the order granting attorney's fees.

IV

For the reasons stated, we will affirm the District Court's orders dismissing the second amended complaint and awarding attorney's fees to Defendants Strausbaugh and Barney.

7